IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY A. HALL,

      Plaintiff,                      No. CIV S-07-2375 LKK GGH P

    vs.

T. FELKER, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2007, the court ordered plaintiff to return the forms necessary to serve his action, including eight copies of his complaint, within thirty days.

        On January 14, 2008, plaintiff filed a request for extension of time to file these documents. Plaintiff states that on January 8, 2008, he was taken to the law library by Officer Sanchez and placed in a holding cage. Correctional Officer Cimino approached plaintiff's cage and asked, "What do you want?" Plaintiff showed him his complaint and stated that he needed seven copies, because he already had one copy. Officer Cimino responded, "Let me see what you got." Plaintiff then handed him the complaint. After reading the first page, Officer Cimino responded, "I'm not giving you seven copies of this. You only get two copies and if you don't like it you can get the fuck out of my library."

Plaintiff showed the December 21, 2007, order to Officer Cimino and told him that he had thirty days to provide the court with eight copies of the complaint. According to plaintiff, Officer Cimino responded, "Fuck your court order, get the fuck out of my library." Plaintiff responded, "We can go that way, then I want five legal envelopes." Officer Cimino responded, "You want? Fuck you. You don't come in my library and say you want nothing." Plaintiff was then escorted back to his cell.

Plaintiff alleges that he had to mail all of his legal documents to his wife so that she could copy the complaint. Plaintiff requests an extension of time so that his wife may make the copies. Plaintiff's request for extension of time is granted. However, the court is concerned with plaintiff's difficulties in obtaining copies at the law library.

Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

If plaintiff is again refused copies of court required documents, the court may well act under the All Writs Act.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 14, 2008, request for extension of time is granted; plaintiff is granted thirty days from the date of this order to return the forms necessary to effect service;

\\\\\

2. The Clerk of the Court shall also electronically serve a copy of this order on Supervising Deputy Attorney General Jennifer Neil.

DATED: 01/22/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ha2375.alw