IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY A. HALL,

      Plaintiff,                        No. CIV S-07-2375 LKK GGH P

   vs.

T. FELKER, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' April 29, 2008, motion to dismiss for failure to exhaust administrative remedies. After carefully reviewing the record, the court recommends that defendants' motion be granted in part and denied in part.

II. Plaintiff's Claims

       This action is proceeding on the original complaint filed November 5, 2007, as to defendants Felker, Clark, Pfadt, Gulion, Noyes, Tilford and Noragourd. The motion to dismiss is made on behalf of all defendants.

       Plaintiff alleges that on February 16, 2007, he received in his tray slot via institutional mail a copy of his legal status summary sheet. On February 24, 2007, plaintiff asked

1

1  defendant Tilford not to send anything regarding his case to his cell.  Defendant Tilford said, "I
2  don't know what you're talking about."
3        On February 24, 2007, plaintiff filed a grievance against defendant Tilford for
4  sending the report to his cell.  On March 5, 2007, plaintiff sent a certified letter to the Warden
5  asking him to stop defendants from sending the legal status summary sheet to his cell.  Plaintiff
6  received no response.
7        On March 20, 2007, plaintiff talked to defendant Tilford's replacement, Counselor
8  Luther, who admitted that the legal status summary sheet had been sent to plaintiff's cell.  Luther
9  told plaintiff that it would not happen again.
10        On April 20, 2007, plaintiff spoke to defendant Noragourd and Luther about the
11  grievance he had filed against defendant Tilford on February 24, 2007.  Defendant Noragourd
12  and Luther told plaintiff that nothing would be mailed to his cell again.
13        On April 28, 2007, plaintiff received the grievance he had filed against defendant
14  Tilford.  Defendant Noragourd had denied the grievance.  Plaintiff then submitted the grievance
15  to the Warden's office.
16        On June 26, 2007, plaintiff was sent to administrative segregation for possession
17  of a weapon.
18        On July 5, 2007, plaintiff appeared before a classification committee.  Plaintiff
19  told the committee that he needed the weapon because of the legal status summary sheet having
20  been sent to his cell.  The committee assured plaintiff that it would not happen again.
21        On July 5, 2007, plaintiff's appeal was denied by the assistant warden.  On July 5,
22  2007, plaintiff mailed the appeal to the Director's Office.  Plaintiff did not receive a response
23  from the Director's Level of Review.
24        On September 17, 2007, plaintiff received via institutional mail two copies of his
25  legal status summary sheet.  On September 17, 2007, plaintiff filed a grievance against defendant
26  Clark for mailing these grievances to his cell.  On September 27, 2007, plaintiff received an

inmate appeal assignment notice.

On September 27, 2007, plaintiff had an argument with defendant Gulion over the broken light in plaintiff's cell. Defendant Gulion told plaintiff that he had gone through plaintiff's file and was having him moved. On September 27, 2007, defendants Pfadt, Gulion and Noyes threatened plaintiff with assault and a cell extraction if he did not agree to move to Z unit, a non mental health administrative segregation unit. Plaintiff's request to speak to a psychiatrist was denied. Plaintiff was moved to Z unit.

On September 30, 2007, plaintiff was returned to his cell after telling the unit sergeant that he was a participant in the mental health program and had not had his medication for two days.

On September 30, 2007, plaintiff filed a grievance against defendant Gulion for threatening to assault him. On October 1, 2007, plaintiff filed a grievance against defendants Pfadt, Gulion and Noyes for threatening to assault him and for moving him from his cell. This complaint was never addressed by the appeal coordinator. Plaintiff refiled this appeal on October 31, 2007.

On October 22, 2007, plaintiff submitted a request to the appeals coordinator for information regarding the appeal he had filed after receiving the informal response back from defendant Clark. The appeals coordinator told plaintiff that the appeal had not been received and that he should put in a request to the AW Complex II. Plaintiff submitted this request on October 25, 2007, but had not yet received a response.

On October 22, 2007, defendant Felker's office signed for another certified letter sent by plaintiff.

III. Administrative Remedies

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

However, if the subject of the prisoner's complaint is a "staff complaint," such does not proceed through the ususal grievance procedures. The remedy for such a complaint is that CDCR initiate an investigation. An inmate can receive no other relief at that time regarding the staff complaint. Brown v. Valoff, 422 F.3d 926, 937-938 (9th Cir. 2005) (not cited in defendants' motion). If relief other than is available for a staff complaint is sought, e.g., be housed in protective custody, be single celled etc., then the regular three level appeal process must be exhausted as for that relief. Id at 938. If on a staff complaint, a request is granted or partially granted, i.e., an investigation is ordered, the inmate has exhausted all available remedies for the staff complaint. Id. at 937-938.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

According to defendants, between February 16, 2007, and November 5, 2007, plaintiff submitted three grievances that were not screened out by High Desert State Prison's (HDSP) appeal staff. Motion to Dismiss, Dangler declaration,¶ 5.

\\\\\

1         Grievance no. 07-1632 concerned the mailing of plaintiff's legal status summary
2  sheet to his cell by defendant Tilford.  Motion to Dismiss, Exhibit A.  On June 25, 2007, this
3  appeal was denied at the Second Level of Appeal.  Id.  Plaintiff did not appeal this response to
4  the Director's Level of Review.  Motion to Dismiss, Dangler declaration, Grannis declaration.
5         As stated above, in the complaint, plaintiff alleges that he appealed no. 07-1632 to
6  the Director's Level of review but received no response.  However, plaintiff did not complete the
7  section of the appeal form for appealing to the Director's Level.  Motion to Dismiss, Exhibit A.
8  The section of this form is blank.  Id.  Because plaintiff's claim that he appealed to the Director's
9  Level is not supported by the evidence, the court finds that he did not exhaust his claim against
10 defendant Tilford.
11        Grievance no. 07-3581, filed October 18, 2007, alleged that he was being denied
12 medication.  Motion to Dismiss, Exhibit C.  In particular, plaintiff claimed that he had not
13 received asthma pills, emodium or pain pills.  This appeal was partially granted at the second
14 level of review.  Id.  Plaintiff did not appeal this response to the Director's Level of Review.
15 Motion to Dismiss, Dangler declaration, Grannis declaration.  In any event, because this appeal
16 does not concern any claims raised in the instant action, the court finds that it did not exhaust any
17 administrative remedies.
18        Grievance no. 07-3399 concerned plaintiff's claims regarding threats and cell
19 extractions by defendants Gulion, Noyes and Pfadt.  Motion to Dismiss, Exhibit B.  On February
20 27, 2008, this appeal was denied at the Director's Level of Review.  Id.  Defendants argue that
21 the claims raised in this appeal should be dismissed because they were exhausted after this action
22 was filed on November 5, 2007.  See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).
23        In his opposition, plaintiff claims that he filed the instant action after prison
24 officials did not timely respond to his Director's Level Appeal in appeal no. 07-3399.  Plaintiff
25 submitted his appeal to the Director's Level on November 28, 2007.  Motion to Dismiss, Exhibit
26 B.  The response was due within sixty working days.  Cal. Code Regs. tit. 15, § 3084.6(b)(4).

Plaintiff filed this action on November 5, 2007, which was well before he filed his Director's Level appeal. Accordingly, appeal no. 07-3399 did not exhaust administrative remedies.

In his opposition, plaintiff also argues that the administrative appeal he filed against defendant Clark for mailing legal status summary sheets to his cell was not processed. Attached to the opposition is a copy of the first level appeal/602 signed by plaintiff on September 24, 2007. Opposition, court file # 21, p. 18 of 122. The response to the appeal is dated October 3, 2007, and allegedly signed by defendant Clark. Id. However, the handwriting of this response appears identical to plaintiff's handwriting. Id. The appeal then indicates that this response was appealed by plaintiff to the next level of review on October 3, 2007. Id.

Also attached is a memorandum addressed to plaintiff dated September 27, 2007, from the inmate appeals office. Id., p. 20 of 112. This response states,

> Inmate Hall, this acts as a notice to you that your appeal has been sent to the above staff for INFORMAL response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal to this office for the First Level of Review.

Id.

Plaintiff has handwritten on this memorandum that he received the response to this appeal from defendant Clark on October 3, 2007. Id. Plaintiff then filed an appeal with the next level, i.e. the first formal level of appeal. Id. Plaintiff writes that "they claim they don't know nothing about it." Plaintiff writes that he refiled it as a complaint on November 19, 2007. Id. D. Jackson returned it to plaintiff stating that it was "not his problem." Id.

Also attached as an exhibit to the opposition is an "Inmate Request for Interview" form sent by plaintiff on October 3, 2007. Id., p. 21 of 112. Plaintiff states, "I sent a 602 at informal level by CCI Clark to your office for a 1st Level response and log number: appeal issue case info/records assigned staff reviewer: AW Complex II can you please send me my notice with appeal number." Id.

\\\\\

1    The response dated October 22, 2007, states, "Our records do show your appeal
2 was sent to AW Complex II at the informal level on 9/24/07 with a due date of October 9, 2007.
3 We have not received any response. Submit your request to complex II." Id.
4    Also attached is another "Inmate Request for Interview" form signed by plaintiff
5 on October 23, 2007. Id., p. 23 of 112. In this form plaintiff seeks further information regarding
6 his appeal against defendant Clark. Id. Plaintiff has written on this form "never answered."
7    On November 7, 2007, plaintiff submitted another "Inmate Request for Interview"
8 form. Id., p. 24 of 112. On this form, plaintiff writes that he received back the informal level
9 response from defendant Clark and then mailed his appeal to the first level of review on October
10 3, 2007. Id., p. 25 of 112. Plaintiff writes that on October 3, 2007, he sent an appeal to "your
11 office" and asked for a log number. Id. On October 23, 2007, plaintiff received a response
12 telling him to contact AW Complex II for a log number. Id. He wrote to the AW Complex II on
13 October 23, 2007, but never received an answer. Id. Plaintiff states that he then sent a request to
14 "your office" and both requests were returned unanswered via institutional mail. Id. Plaintiff
15 asked if he must refile his complaint. Id. The response, dated November 9, 2007, states, "We do
16 not track informals. It has been sent to AW Complex II due 10/0/07. Send a request to them to
17 get the status." Id., p. 24 of 112.
18    It is clear that plaintiff himself wrote defendant Clark's October 3, 2007, informal
19 level response to the grievance. However, plaintiff also presents evidence suggesting that prison
20 officials sent him a memorandum on September 27, 2007, stating that they had sent the appeal to
21 defendant Clark for an informal response. When plaintiff did not receive an informal response
22 from defendant Clark, he received conflicting responses from prison officials.
23    The court cannot determine whether plaintiff has exhausted his administrative
24 remedies as to defendant Clark. If defendant Clark failed to respond to the request for an
25 informal response and then prison officials failed to properly process plaintiff's appeal, the court
26 would find that plaintiff exhausted his administrative remedies. Defendants do not address these

7

matters. Accordingly, the motion to dismiss for failure to exhaust administrative remedies as to defendant Clark should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' April 29, 2008, motion to dismiss be denied as to defendant Clark and granted in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/21/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

hall2375.mtd